IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TIMOTHY BROOKS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-245-L** |
| | § | |
| **WELLS FARGO BANK, N.A.,** | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Plaintiff's Motion to Remand (Doc. 6), filed January 26, 2015.  After

considering the motion, response, evidence, the record, and applicable law, the court concludes that

it lacks subject matter jurisdiction.  Accordingly, the court **grants** Plaintiff's Motion to Remand

(Doc. 6) and **remands** this action to the 162nd Judicial District Court, Dallas County, Texas, from

which it was removed.

**I.      Factual and Procedural Background**

Plaintiff Timothy Brooks ("Plaintiff"), who is proceeding *pro se*, filed a suit to quiet title in

the 162nd Judicial District Court, Dallas County, Texas, alleging that his interest in the property at

issue is superior to that of Defendant Wells Fargo Bank, N.A. ("Defendant"), who purchased the

property in a foreclosure sale.  Defendant removed the case to federal court based on diversity and

the amount in controversy.  Plaintiff then moved to remand the case and sought a temporary

restraining order ("TRO") or an extension of the TRO entered by the state court to avoid being

evicted from the property prior to the resolution of this litigation.  Plaintiff also requested that the

court appoint him counsel.

**II.      Subject Matter Jurisdiction**

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*."). As this action was

removed on the basis of diversity of citizenship and the amount in controversy, the court turns to that issue.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798

(citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount

**Memorandum Opinion and Order – Page 4**

has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III.   Discussion

Defendant removed this action on January 23, 2015, contending that diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. Defendant's Notice of Removal states that Plaintiff is a citizen of Texas because he alleges in his Amended Petition that he resides in Dallas County. Defendant states that it is a national bank and citizen of South Dakota. Defendant therefore asserts that diversity of citizenship exists between the parties because Plaintiff has a different citizenship from Defendant. As noted above, however, citizenship and residency are not synonymous, and mere residence in a state is insufficient for diversity purposes. Accordingly, Defendant has not shown that diversity of citizenship exists between the parties.

Even assuming that there is complete diversity of citizenship, the court concludes that it lacks

jurisdiction because the amount in controversy requirement has not been satisfied.  In his Motion to

Remand, Plaintiff asserts that, based on a review of his Amended Petition and summary judgment

motion filed in state court, the amount in controversy is only $73,000.  Defendant, on the other hand,

contends that the amount in controversy is $109,750, exclusive of interest and costs, because in his

suit to quiet title, Plaintiff seeks damages, as well as a declaratory judgment that title in the property

at issue is vested in him rather than Defendant.  Defendant reaches this amount by combining the

fair market value of the property at issue, $36,750, and the $73,000 in damages requested by Plaintiff

in his summary judgment motion.

As noted by Defendant, Plaintiff does not allege a specific amount of monetary damages in

his Amended Petition.  He instead alleges, with respect to damages, that he suffered damages

resulting from a reduction in property value and loss of quiet use and enjoyment of the property.  He

also alleges that he seeks a judgment quieting title in the property, based on his contention that his

interest in the property is superior to that of Defendant.

In an action for declaratory judgment, the amount in controversy is "the value of the right to

be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con Inc.*, 293

F.3d 908, 910 (5th Cir. 2002) (citing *St. Paul Reinsurance Co.*, 134 F.3d at 1253). When a "right to

property is called into question in its entirety, the value of the property controls the amount in

controversy." *Dillard Family Trust v. Chase Home Finance, LLC,* Case No. 3:11-CV-1740-L, 2011

WL 6747416, at *4 (N.D. Tex. Dec. 23, 2011).  If the court grants Plaintiff's request for a declaration

or judgment that quiets title to the property, he will hold indefeasible title to the entire property.

Thus, Plaintiff's suit to quiet title to the property calls into question a right to the property in its

entirety, and the amount in controversy is equal to the value of the property. *See id.* The parties do not dispute that the value of the property, set by the Dallas County Appraisal District, is $36,750, and the court finds that Defendant's uncontroverted evidence establishes by a preponderance of the evidence that the value of the property is $36,750, which is insufficient to meet the jurisdictional threshold. The issue therefore is whether Plaintiff's request in his summary judgment motion for $73,000 in damages should also be considered in determining whether the amount in controversy is satisfied.

With respect to this issue, there is no proof from Plaintiff's Amended Petition or his summary judgment motion that he is seeking $73,000 *in addition* to requesting a declaratory judgment to quiet title to the property in his name. While this argument by Defendant is creative, it is speculative. As previously noted, Plaintiff's request for an unspecified amount of damages in his Amended Petition is based on his allegation that he suffered damages resulting from a reduction in property value *and* the loss of quiet use and enjoyment of the property. The court construes this allegation and request for damages as *encompassing* Plaintiff's suit to quiet title, which calls into question the $36,750 value of the property. Likewise, there is no indication that the $73,000 in damages requested in Plaintiff's summary judgment motion is in addition to other relief sought by Plaintiff. From what the court can reasonably infer, Defendant is "piling on" damages not supported by the record.

Defendant asserts in its Notice of Removal that Plaintiff seeks to avoid its lien in his suit to quiet title, and that such lien is valued at $36,750. If the court were to combine the amount of the lien, which in Plaintiff's view might also constitute a loss in property value, and the market value of the property, the total amount is $73,500. As this amount is awfully close to the amount of damages requested by Plaintiff in his summary judgment motion, it is equally plausible that the

$73,000 requested is the total amount of damages sought by Plaintiff in this action, and that this amount includes the value of the property. Therefore, the court concludes that Defendant has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Remand of this action is therefore mandated. *See Stafford*, 945 F.2d at 805. Having determined that the case must be remanded, the court need not address the parties' contentions as to whether removal was timely.

## IV.     Conclusion

For the reasons explained, the court concludes that it lacks subject matter jurisdiction over this action. Accordingly, the court **grants** Plaintiff's Motion to Remand (Doc. 6) and **remands** this action to the 162nd Judicial District Court, Dallas County, Texas, from which it was removed. The clerk of the court **shall** effect the remand in accordance with the usual procedure. In addition, the clerk is directed to **term** Plaintiff's remaining motions (Docs. 7 and 8), which the court may not decide because of its determination that subject matter jurisdiction is lacking. The court's resolution of Plaintiff's Motion to Remand also **moots** the hearing set for February 3, 2015, at 9 a.m., to address Plaintiff's request for a TRO. The court therefore **vacates** its January 28, 2015 order (Doc. 12) scheduling this hearing.

**It is so ordered** this 29th day of January, 2015.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge